# EXHIBIT 2G

**Subar, Ilana**

| | |
|---|---|
| **From:** | Muhib-Ullah Zahid <mzahid.afg@gmail.com> |
| **Sent:** | Monday, July 18, 2022 3:04 PM |
| **To:** | vleginsky@arbitralis.com |
| **Cc:** | Subar, Ilana; Qasimi, Enayat; Ghulam Jailani; farhad.perzad@acaa.gov.af; farhad_przd@yahoo.com; Nadhrah Naela Abdullah; s Túlio Di Giacomo Toledo; satargharwal@gmail.com; Hasibullah Soroush; angarzazai@yahoo.com; anoorahmadzai@gmail.com; Sayed Javed Mahboob |
| **Subject:** | Re: [EXTERNAL] RE: PCA CASE N° 2021-34 - OLIVE GROUP FZ-LLC V. AFGHANISTAN CIVIL AVIATION AUTHORITY, GOVERNMENT OF AFGHANISTAN |

Dear Mr. Leginsky,

Regarding your queries, we would like to share the following for your information:

1. The technical problems of the scanners, their low model, the inactivity of some scanners, the lack of sufficient professional personnel for the scanners and the lack of X-ray maintenance and care services at the specified time in accordance with the contract;

2. The absence of special equipment and standard machines for checking drugs and the lack of necessary coordination between the security departments at Kabul International Airport to prevent smuggling within the time set in accordance with the contract;

3. Failure to timely repair a scanner in the VIP hall of Ahmad Shah Baba International Airport in Kandahar province;

4. Lack of regular and effective management of the process of dismissing company employees at Kabul International Airport;

5. Failure to hold its training programs according to the training plan approved by the ACAA;

6. Failure to provide guidance trainings for its employees on the use of drug and explosive machines that were newly purchased and to fix the problems of the radios in the checkpoints in specified time;

7. Using its daily operating procedure (SOP) without being approved by ACAA. No awareness of the employees, including the supervisors, of the operational procedure of the company and the security programs of the ACAA;

8. Lack of specific operating procedures and emergency and contingency plans at the checkpoints at Kabul International Airport;

9. Failure to hire all (650) employees for providing civil aviation security services at specific time in accordance with the contract;

10. The imposition of crimes due to non-activity of security equipment, was showing that the actions taken by the claimant were not effective, as a result the crimes in 2019 have been increased compared to the previous year;

11.  According to the agreement, the new security equipment was supposed to be purchased by the claimant for the four international airports of the country, but it was not purchased at the specified time. In addition to that, the security equipment in the country's international airports has not been repaired on time;

12.  The deductions that have been imposed were due to the inactivity of the equipment from the beginning to the end of the contract. As per SOW, if the work is not performed within 3 business days in Kabul and within 5 business days at the 3 regional airports, the company will be penalized as per the penalties mentioned in SOW;

13.  The documents and the comparison of the number of crimes showed that the inactivity and lack of timely repair of equipment in 2019 had increased compared to the previous year;

14.  Not hiring qualified technicians or engineers specializing in repairing security equipment in the four international airports of the country to prevent the delay in the repair of security equipment in the mentioned airports, was increasing our fear for the atmosphere that might be paved for the terrorists to achieve their sinister goals and it may provide access to facilities, equipment, passengers, baggage and planes for illegal interventions;

15.  Considering that the claimant could not remedy the failures in the performance of its obligations under the contract, the president of the time considered it necessary to reduce the contract and terminate it, and as per the contract the claimant was given one-month prior termination notice.

The above brief information has been shared with you, the detailed information related to your queries will be provided in detail along with the documents in our statement of defence.

Regards,

**Muhib Ullah Zahid**
Legal Advisor

==========================================



MINISTRY of TRANSPORT & AVIATION (MoTA)
01 RTA Road | Ansari Watt | Kabul, Afghanistan
T: +93 (0) 20 231 2823 | M: +93 700 85-6717
E: mzahid.afg@gmail.com | W: www.acaa.gov.af

On Sun, Jul 10, 2022 at 4:28 PM <vleginsky@arbitralis.com> wrote:
> Dear Sirs and Mesdames:
>
>
> As set out in the email below, in order to allow the Respondent to have an
> opportunity to present its case, I ask the following questions to be

2